FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

14 FEB 14 PM 1:27

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

MICHELLE MCSWAIN, an individual,

Plaintiff,

v.

SCM I INVESTMENTS, LLC, a Florida limited liability corporation d/b/a THE WINE LOFT OF NAPLES,

Defendant.

CIVIL ACTION

Case No. 2:14-cv-

Judge:

Mag. Judge:

2:14-cv-86-FtM-38CM

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, MICHELLE MCSWAIN ("MCSWAIN"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act of 1992 (FCRA) for (1) retaliation in violation of Title VII, (2) retaliation in violation of F.S. §760, (3) unlawful sexual harassment under Title VII, (4) unlawful sexual harassment in violation of the FCRA, (5) negligent hiring, and (6) negligent supervision.

### PARTIES

2. The Plaintiff, **MICHELLE MCSWAIN** ("**MCSWAIN**") is an individual and a resident of Florida who currently resides in Collier County, Florida and was employed by **SCM I INVESTMENTS, LLC**, a Florida limited liability corporation **d/b/a THE WINE LOFT OF NAPLES**.

1

3. Defendant, **SCM I INVESTMENTS, LLC** is a Florida limited liability corporation doing business as **THE WINE LOFT OF NAPLES** ("Defendant") with a principal place of business located at 9118 Strada Place, Suite 8150, Naples, Florida 34108.

4. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **MCSWAIN**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

8. **MCSWAIN** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on January 24, 2014 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

9. **MCSWAIN** was hired by the Defendant in or about December 2012 as a server by general manager by Mr. Jeffrey Jump.

10. **MCSWAIN** always performed her assigned duties in a professional manner and was very well qualified for her position.

2

11. **MCSWAIN** always received very good performance reviews from Mr. Jump and from her direct boss, Mr. Johnny Jones ("Jones").

12. However, beginning on or about April 22, 2013, **MCSWAIN** began being subjected to sexual harassment.

13. Specifically, Jones requested that **MCSWAIN** meet him at a local bar, which request **MCSWAIN** felt compelled to acquiesce to and did.

14. At that encounter, Jones began rubbing **MCSWAIN**'s leg and asking **MCSWAIN** sexually inappropriate and explicit questions interspersed with inappropriate comments about her physical appearance and parts unique to her female body.

15. Jones's actions of rubbing **MCSWAIN**'s leg was unwanted physical touching, which was a battery upon her stemming from Jones's physical impact.

16. It quickly became apparent to **MCSWAIN** that her boss, Jones, desired a sexual relationship, which she did not.

17. **MCSWAIN** rejected the inappropriate sexual advances of Jones.

18. Despite this, Jones inquired if **MCSWAIN** would go with him on a pleasure trip to Pittsburgh and even went so far as to ask if **MCSWAIN** would like to marry him.

19. Uncomfortable, **MCSWAIN** reported this to her general manager and then to the owner of the Defendant.

20. On April 26, 2013, **MCSWAIN** submitted a written statement about this sexual harassment to the owner of the Defendant, who then confronted my supervisor, Mr. Jones.

21. A mere three (3) days later, Mr. Jones began an effort of retaliation in the form of an "investigation" into some alleged misconduct that predated my reporting of sexual harassment by weeks.

22. At all material times, the Defendant was aware of Mr. Jones's actions but took taken no corrective action.

23. Instead, the Defendant suspended **MCSWAIN** on or about April 29, 2013 and then ultimately terminated **MCSWAIN** on May 6, 2013.

24. The Defendant utterly failed to investigate Jones prior to hiring him; had the Defendant done so, they would have discovered Jones's history of sexual battery against a helpless victim.

25. The Defendant took no steps to protect its staff, including **MCSWAIN**, from Jones, nor did it conduct sufficient sexual harassment training.

26. At all material times, the Defendant was aware of Jones's actions but took no corrective action and endorsed Jones's harassing, retaliatory and discriminatory actions.

27. **MCSWAIN**'s underlying objections to sexual harassment and discrimination cannot be used as an independent basis for the Defendant's negative employment actions against her.

28. The Defendant has violated Title VII and the FCRA in addition to being liable for damages in tort.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

29. Plaintiff incorporates by reference Paragraphs 1-28 of this Complaint as though fully set forth below.

30. **MCSWAIN** is a female and as such, is a member of a protected class.

31. At all material times, **MCSWAIN** was an employee and the Defendant was an employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

32. **MCSWAIN** was qualified for the position that she held with the Defendant.

33. Following **MCSWAIN**'s reporting of sexual comments, harassment, suggestion and inappropriate romantic overtures from her boss towards her while employed with the Defendant, the Defendant retaliated by altering the terms and conditions of her employment and terminating her.

34. At all times relevant hereto, Mr. Jones acted as an agent for and on behalf of the Defendant during the course and scope of **MCSWAIN**'s employment.

35. **MCSWAIN** complained to the Defendant about Mr. Jones's sexual harassment and the Defendant clearly observed **MCSWAIN**'s growing discomfort concerning the same.

36. **MCSWAIN**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

37. Said protected activity was the proximate cause of the Defendant's negative employment actions against **MCSWAIN** including changed working conditions, reduced working hours, discipline and termination.

38. Instead of preventing said treatment, the Defendant retaliated against **MCSWAIN** via changed working conditions, reduced working hours, discipline and termination.

39. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

40. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **MCSWAIN** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

41. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts

perpetrated against her, MCSWAIN is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

42. As a direct and proximate result of the Defendant's actions, MCSWAIN has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

43. MCSWAIN has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages; and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

44. Plaintiff incorporates by reference Paragraphs 1-28 of this Complaint as though fully set forth below.

45. MCSWAIN is a female and as such, is a member of a protected class.

46. At all material times, MCSWAIN was an employee and the Defendant was an employer covered by and within the meaning of the FCRA.

47. MCSWAIN was qualified for the position that she held with the Defendant.

48. Following MCSWAIN's reporting of sexual comments, harassment, suggestion and inappropriate romantic overtures from her boss towards her while employed with the Defendant, the Defendant retaliated by altering the terms and conditions of her employment and terminating her.

49. At all times relevant hereto, Mr. Jones acted as an agent for and on behalf of the Defendant during the course and scope of MCSWAIN's employment.

50. MCSWAIN complained to the Defendant about Mr. Jones's sexual harassment and the Defendant clearly observed MCSWAIN's growing discomfort concerning the same.

51. MCSWAIN's complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

52. Said protected activity was the proximate cause of the Defendant's negative employment actions against MCSWAIN including changed working conditions, reduced working hours, discipline and termination.

53. Instead of preventing said treatment, the Defendant retaliated against **MCSWAIN** via changed working conditions, reduced working hours, discipline and termination.

54. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

55. As a direct and proximate result of the violations of the FCRA, **MCSWAIN** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

56. As a direct and proximate result of the violations of the FCRA, and as a direct and proximate result of the prohibited acts perpetrated against her, **MCSWAIN** is entitled to all relief necessary to make her whole as provided for under the FCRA.

57. As a direct and proximate result of the Defendant's actions, **MCSWAIN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

58. **MCSWAIN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

8

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Leave to seek punitive damages; and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- SEXUAL HARASSMENT

59. Plaintiff incorporates by reference Paragraphs 1-28 of this Complaint as though fully set forth below.

60. MCSWAIN is a female and as such, is a member of a protected class.

61. At all material times, MCSWAIN was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

62. MCSWAIN was qualified for the position that she held with the Defendant.

63. MCSWAIN observed and endured continuous sexual comments, harassment, suggestion and inappropriate romantic overtures from her boss while employed with the Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment.

64. **MCSWAIN** began to be subjected to a hostile work environment after **MCSWAIN** reported sexual harassment.

65. The Defendant treated **MCSWAIN** differently because of her membership in a protected class of persons, being a female.

66. At all times relevant hereto, Mr. Jones has acted as an agent for and on behalf of the Defendant during the course and scope of **MCSWAIN**'s employment.

67. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of plaintiff's sex in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

68. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **MCSWAIN** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

69. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MCSWAIN** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

70. As a direct and proximate result of the Defendant's actions, **MCSWAIN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

71. **MCSWAIN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages; and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- SEXUAL HARASSMENT

72. Plaintiff incorporates by reference Paragraphs 1-28 of this Complaint as though fully set forth below.

73. **MCSWAIN** is a female and as such, is a member of a protected class.

74. At all material times, **MCSWAIN** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

75. **MCSWAIN** was qualified for the position that she held with the Defendant.

76. MCSWAIN observed and endured continuous sexual comments, harassment, suggestion and inappropriate romantic overtures from her boss while employed with the Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment.

77. MCSWAIN began to be subjected to a hostile work environment after MCSWAIN reported sexual harassment.

78. The Defendant treated MCSWAIN differently because of her membership in a protected class of persons, being a female.

79. At all times relevant hereto, Mr. Jones has acted as an agent for and on behalf of the Defendant during the course and scope of MCSWAIN's employment.

80. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of plaintiff's sex in violation of the FCRA.

81. As a direct and proximate result of the violations of the FCRA, MCSWAIN has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

82. As a direct and proximate result of the violations of the FCRA, and as a direct and proximate result of the prohibited acts perpetrated against her, MCSWAIN is entitled to all relief necessary to make her whole as provided for under the FCRA.

83. As a direct and proximate result of the Defendant's actions, MCSWAIN has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

84. **MCSWAIN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Leave to seek punitive damages; and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT V- NEGLIGENT HIRING

95. Plaintiff incorporates by reference Paragraphs 1-28 of this Complaint as though fully set forth below.

96. This Count is based upon the common law torts of assault and battery **MCSWAIN** alleges was committed by Jones, an employee of the Defendant.

97. The Defendant had a duty to **MCSWAIN** as a result of, *inter alia*, the employment relationship, as more fully set forth above, between the Defendant and **MCSWAIN**.

98. The Defendant had a duty to exercise ordinary care in screening and investigating the background of applicants for employment.

99. Prior to allowing Jones to enter the Defendant's workplace, the Defendant knew, or should have known, of Jones's propensity towards the unwanted physical and sexual touching of co-workers and his unfitness/inability to conform his behavior to acceptable legal standards for a mixed-gender workplace.

100. The Defendant was required, or should have been required, to make an appropriate investigation of Jones's fitness to be employed in a mixed-gender workplace.

101. The Defendant failed to act with ordinary care in adequately screening and investigating the background of Jones who was, previous to providing services to the Defendant (as described *supra*), arrested for sexual battery upon a helpless victim.

102. An appropriate investigation would have revealed Jones's propensity towards the unwanted physical touching and sexual touching of co-workers and his unfitness/inability to conform his behavior to acceptable legal standards for a mixed-gender workplace.

103. It was unreasonable for the Defendant to allow Jones to become employed in light of the information the Defendant knew, or should have known, regarding Jones's propensity towards the unwanted physical touching and sexual touching of co-workers and his unfitness/inability to conform his behavior to acceptable legal standards for a mixed-gender workplace.

104. The Defendant breached its duty to **MCSWAIN** and negligently hired Jones.

105. As a proximate result of the Defendant's negligent hiring of Jones, MCSWAIN has suffered damages stemming from a physical impact inflicted by Jones's unwanted physical touching, including physical and severe emotional distress.

**WHEREFORE**, Plaintiff respectfully demand that this Honorable Court enter its judgment in favor of Plaintiffs and against the Defendant in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

## COUNT V- NEGLIGENT HIRING

95. Plaintiff incorporates by reference Paragraphs 1-28 of this Complaint as though fully set forth below.

96. This Count is based upon the common law torts of assault and battery MCSWAIN alleges was committed by Jones, an employee of the Defendant.

97. The Defendant had a duty to MCSWAIN as a result of, *inter alia,* the employment relationship, as more fully set forth above, between the Defendant and MCSWAIN.

98. The Defendant had a duty to exercise ordinary care in Jones during his employment with the Defendant.

99. Prior to allowing Jones to enter the Defendant's workplace, the Defendant knew, or should have known, of Jones's propensity towards the unwanted physical and sexual touching of co-workers and his unfitness/inability to conform his behavior to acceptable legal standards for a mixed-gender workplace.

100. The Defendant was required, or should have been required, to make an appropriate investigation of Jones's fitness to be employed in a mixed-gender workplace.

101. The Defendant failed to act with ordinary care in adequately screening and investigating the background of Jones who was, previous to providing services to the Defendant (as described *supra*), arrested for sexual battery upon a helpless victim.

102. The Defendant nonetheless, failed to act with ordinary care in properly training/supervising Jones, or satisfactorily remedy his unfitness or unsuitability to be employed in a mixed-gender workplace due to his unwanted physical and sexual touching of co-workers.

103. The Defendant was required, or should have been required, to appropriately supervise Jones in his employment.

104. It was, and is, unreasonable for the Defendant to fail to train/supervise Jones in his employment in a mixed-gender workplace.

105. An appropriate investigation would have revealed Jones's propensity towards the unwanted physical touching and sexual touching of co-workers and his unfitness/inability to conform his behavior to acceptable legal standards for a mixed-gender workplace.

106. The Defendant breached its duty to **MCSWAIN** and negligently supervised Jones.

107. As a proximate result of the Defendant's negligent supervision of Jones, **MCSWAIN** has suffered damages stemming from a physical impact inflicted by Jones's unwanted physical touching, including physical and severe emotional distress.

**WHEREFORE**, Plaintiff respectfully demand that this Honorable Court enter its judgment in favor of Plaintiffs and against the Defendant in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

Respectfully submitted,

Dated: February 13, 2014

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com