UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE MCSWAIN,

    Plaintiff,                                  CASE NO.: 2:14-cv-86-FtM-38CM

v.

SCM I INVESTMENTS, LLC,
d/b/a THE WINE LOFT OF NAPLES,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant SCM I INVESTMENTS, LLC, d/b/a THE WINE LOFT OF NAPLES ("Defendant"), by and through its undersigned counsel and pursuant to Rule 8(a), Fed. R. Civ. P., hereby files and serves upon Plaintiff MICHELLE MCSWAIN ("Plaintiff"), its Answers and Defenses to Plaintiff's Complaint. Defendant responds to Plaintiff's claims as follows:

### CAUSES OF ACTION

1. Defendant admits that this claim purports to be an action brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA") for retaliation and unlawful sexual harassment and that Plaintiff also purports to allege common law claims for negligent hiring and negligent supervision; however, Defendant denies that Plaintiff is entitled to any relief sought under any of the alleged causes of action or enumerated statutes.

## PARTIES

2. Defendant admits that SCM I Investments, LLC is a Florida limited liability corporation doing business as The Wine Loft of Naples and that Plaintiff was employed by Defendant from approximately December 20, 2012, to May 6, 2013; Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 2 of the Complaint, and they are therefore denied.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant admits that this Court has original jurisdiction over Plaintiff's Title VII claims, but denies the remaining allegations in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant admits that it conducts business in Collier County, Florida, and that the alleged events occurred in Collier County, though it denies that any unlawful acts occurred there or elsewhere; thus, Defendant admits that venue properly lies in this Court and Division. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 7 of the Complaint regarding Plaintiff's residency, and they are therefore denied.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

9. Defendant admits that Plaintiff was hired by Defendant's former General Manager, Jeffrey Jump, on or about December 20, 2012, to work as a server, but denies the remaining allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant admits that Assistant Manager Johnny Jones served as Plaintiff's direct supervisor, but denies the remaining allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant admits that on or about April 26, 2013, Plaintiff complained to General Manager Jump about Assistant Manager Jones, that Plaintiff's complaint was reported to Defendant's owner Michael Kearney, and that Kearney immediately launched an investigation into Plaintiff's complaint. Defendant denies the remaining allegations in paragraph 19 of the Complaint.

20. Defendant admits that on or about April 26, 2013, Plaintiff submitted a written statement about Jones, but denies the remaining allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

Tampa 193036.1

23. Defendant admits that on or about April 29, 2013, while still investigating Plaintiff's complaint, Kearney suspended Plaintiff due to an unrelated April 15, 2013 incident, and that after completing his investigation of Plaintiff's complaint about Jones and finding no support whatsoever for Plaintiff's claims, Kearney terminated Plaintiff on or about May 6, 2013, due to her unacceptable and inappropriate behavior on April 15, 2013. Defendant denies the remaining allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant admits that its decision to terminate Plaintiff's employment was not based on Plaintiff's complaint about Jones or on anything other than Plaintiff's unacceptable and inappropriate behavior in her place of employment on April 15, 2013. Defendant denies the remaining allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION

29. Defendant re-alleges and re-avers its responses to paragraphs 1 through 28 of the Complaint, as if fully restated herein.

30. Defendant admits the allegations in paragraph 30 of the Complaint.

31. Defendant admits the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant admits that on or about April 26, 2013, Plaintiff complained to General Manager Jump about Assistant Manager Jones, that Plaintiff's complaint was reported to Kearney, and that Kearney immediately launched an investigation into Plaintiff's complaint, but denies the remaining allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in paragraph 43 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief set forth in paragraphs (i) through (ix) of the WHEREFORE clause of Count I of the Complaint.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 – RETALIATION

44. Defendant re-alleges and re-avers its responses to paragraphs 1 through 28 of the Complaint, as if fully restated herein.

45. Defendant admits the allegations in paragraph 45 of the Complaint.

46. Defendant admits the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant admits that on or about April 26, 2013, Plaintiff complained to General Manager Jump about Assistant Manager Jones, that Plaintiff's complaint was reported to Kearney, and that Kearney immediately launched an investigation into Plaintiff's complaint, but denies the remaining allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in paragraph 58 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief set forth in paragraphs (i) through (ix) of the WHEREFORE clause of Count II of the Complaint.

## COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – SEXUAL HARASSMENT

59. Defendant re-alleges and re-avers its responses to paragraphs 1 through 28 of the Complaint, as if fully restated herein.

60. Defendant admits the allegations in paragraph 60 of the Complaint.

61. Defendant admits the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

6

63. Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant denies the allegations in paragraph 69 of the Complaint.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in paragraph 71 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief set forth in paragraphs (i) through (ix) of the WHEREFORE clause of Count III of the Complaint.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – SEXUAL HARASSMENT

72. Defendant re-alleges and re-avers its responses to paragraphs 1 through 28 of the Complaint, as if fully restated herein.

73. Defendant admits the allegations in paragraph 73 of the Complaint.

74. Defendant admits the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

79. Defendant denies the allegations in paragraph 79 of the Complaint.

80. Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in paragraph 84 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief set forth in paragraphs (i) through (ix) of the WHEREFORE clause of Count IV of the Complaint.

## COUNT V – NEGLIGENT HIRING

95. [1] Defendant re-alleges and re-avers its responses to paragraphs 1 through 28 of the Complaint, as if fully restated herein.

96. Defendant denies the allegations in paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in paragraph 97 of the Complaint.

98. Paragraph 98 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in paragraph 98 of the Complaint.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

---

[1] In an apparent scrivener's error, Plaintiff's Complaint does not contain any allegations numbered 85 through 94, but instead contains two sets of allegations numbered 95 through 105. Rather than creating more confusion by attempting to parse what the correct numbering for Plaintiff's allegations would be, Defendant will respond to the allegations as they are numbered. To the extent that any allegations numbered 85 through 94 at some point existed and were inadvertently excluded from the Complaint, Defendant expressly denies those allegations.

100. Paragraph 100 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in paragraph 100 of the Complaint.

101. Defendant denies the allegations in paragraph 101 of the Complaint.

102. Defendant denies the allegations in paragraph 102 of the Complaint.

103. Defendant denies the allegations in paragraph 103 of the Complaint.

104. Defendant denies the allegations in paragraph 104 of the Complaint.

105. Defendant denies the allegations in paragraph 105 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of Count V of the Complaint.

## **COUNT V – NEGLIGENT HIRING[2]**

95. Defendant re-alleges and re-avers its responses to paragraphs 1 through 28 of the Complaint, as if fully restated herein.

96. Defendant denies the allegations in the second paragraph 96 of the Complaint.

97. The second paragraph 97 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in the second paragraph 97 of the Complaint.

98. The second paragraph 98 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in the second paragraph 98 of the Complaint.

99. Defendant denies the allegations in the second paragraph 99 of the Complaint.

---

[2] In another apparent scrivener's error, Plaintiff's Complaint contains two counts titled "Count V – Negligent Hiring." Based on the allegations contained elsewhere in the Complaint, it appears that Plaintiff intends to allege a claim for negligent supervision in her second Count V, rather than a second claim for negligent hiring. Nevertheless, in order to avoid confusion, Defendant will maintain the labels supplied by Plaintiff.

100. The second paragraph 100 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in the second paragraph 100 of the Complaint.

101. Defendant denies the allegations in the second paragraph 101 of the Complaint.

102. Defendant denies the allegations in the second paragraph 102 of the Complaint.

103. The second paragraph 103 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations in the second paragraph 103 of the Complaint.

104. Defendant denies the allegations in the second paragraph 104 of the Complaint.

105. Defendant denies the allegations in the second paragraph 105 of the Complaint.

106. Defendant denies the allegations in paragraph 106 of the Complaint.

107. Defendant denies the allegations in paragraph 107 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause of the second Count V of the Complaint.

## DEFENSES

### First Defense

Plaintiff's claims should be dismissed in whole or in part for failure to state a claim or claims upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred to the extent they involve transactions or events or seek damages for periods of time outside the applicable statute of limitations period(s).

### Third Defense

Plaintiff's claims are barred to the extent she has failed to satisfy the conditions precedent to filing the claims in the Complaint.

### Fourth Defense

To the extent that Plaintiff failed to fully exhaust her administrative remedies, Plaintiff's claims are barred.

### Fifth Defense

To the extent that any of Plaintiff's claims relate to persons or matters which were not made the subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") or the Florida Commission on Human Relations ("FCHR") or were not investigated or conciliated by these agencies, Plaintiff's claims are barred.

### Sixth Defense

All employment related decisions made with respect to Plaintiff, or which affected Plaintiff, were made in good faith, for legitimate, non-discriminatory and non-retaliatory reasons.

### Seventh Defense

Plaintiff's claims are barred to the extent that the acts alleged are in whole or in part outside the scope of employment and undertaken without Defendant's consent and knowledge. Plaintiff's claims are further barred because Defendant did not ratify, condone, or authorize any alleged misconduct.

### Eighth Defense

Defendant is insulated from liability under Title VII and the FCRA for any alleged discrimination, harassment or retaliation because Defendant's policies prohibited such conduct, Defendant neither knew nor had any reason to know of the alleged acts or omissions complained

of in this case, and/or Defendant promptly took corrective remedial actions when Defendant was informed of any alleged misconduct.

### Ninth Defense

Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct any alleged discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant, or to otherwise avoid harm.

### Tenth Defense

To the extent that Plaintiff welcomed any alleged harassment, Plaintiff's claims are barred.

### Eleventh Defense

To the extent that any recovery of Plaintiff's Complaint may be either completely or substantially barred due to after-acquired evidence, any recovery to which Plaintiff may be otherwise entitled must be appropriately offset.

### Twelfth Defense

Plaintiff's claim is barred in whole or in part to the extent that she has failed to fully mitigate alleged damages or other losses required by law. Any damages alleged by Plaintiff must be offset by interim earnings, amounts earnable by Plaintiff with reasonable diligence, severance pay, and any other pay benefits as required by law.

### Thirteenth Defense

Defendant asserts that to the extent Plaintiff has received benefits from collateral sources or other set-offs or recoupments, Plaintiff's claims should be diminished accordingly.

### Fourteenth Defense

Defendant may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, physical conditions, and/or alternative concurrent cause which may not be the result of any act or omission of Defendant.

### Fifteenth Defense

Any compensatory or punitive damages are limited to the amounts authorized by Title VII and the FCRA.

### Sixteenth Defense

Plaintiff's claims are barred by the doctrines of estoppel and unclean hands to the extent that Plaintiff's own conduct contributed to her alleged damages.

### Seventeenth Defense

Notwithstanding Defendant's denials and previous defenses herein, to the extent Plaintiff establishes that any alleged protected characteristic or activity was a motivating factor for any employment decision challenged herein, which Defendant denies, Defendant affirmatively states that it would have taken the same action in the absence of such an impermissible motivating factor.

### Eighteenth Defense

To the extent Plaintiff seeks or intends to seek punitive damages, such damages are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff his protected rights, and are not so wanton or willful as to support an award of punitive damages. Plaintiff has failed to state a claim for punitive damages under any law.

### Nineteenth Defense

Any award of punitive damages to Plaintiff will violate the substantive and procedural safeguards guaranteed to Defendant by the United States and Florida Constitutions; a punitive award is, therefore, barred.

### Twentieth Defense

Assuming any of Plaintiff's federally protected rights were violated, Defendant is not liable for punitive damages because of any improper acts on the part of its employees as those acts were contrary to Defendant's good faith efforts to comply with the law by implementing policies and programs designed to prevent such improper acts in the workplace.

### Twenty-First Defense

Plaintiff's own conduct is the proximate cause of any damages sustained.

### Twenty-Second Defense

Defendant avers that if Plaintiff suffered any injury or damage as alleged, then in that event, said injury or damage was proximately caused or contributed to by Plaintiff's own conduct, including, but not limited to, carelessness, recklessness, consent, comparative negligence and/or breach of contract, covenants and conditions on her part to be performed, thereby reducing or barring her claims against Defendant.

### Twenty-Third Defense

If the Defendant was negligent, which Defendant denies, Plaintiff in the exercise of ordinary care could have avoided the consequences of such alleged negligence.

### Twenty-Fourth Defense

If the Defendant was negligent, which Defendant denies, the negligence of Plaintiff approximately contributed to or was equal to or greater than any alleged negligence on the part

of Defendant. Plaintiff's claims are therefore barred in whole or in part.

## Twenty-Fifth Defense

Plaintiff's negligence claims are barred, in whole or in part, because Plaintiff, not Defendant, had the last clear chance to avert any injury or damages which she may have suffered.

## Twenty-Sixth Defense

Defendant reserves the right to assert any and all additional defenses as may be determined necessary during the course of discovery.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint and asserted Defenses thereto, Defendant prays that judgment be entered against the Plaintiff on all counts and that Defendant be awarded its reasonable costs, including attorney's fees incurred in defending this action, and any such other relief as the Court deems just and proper.

Dated this 24th day of March, 2014.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

*/s/Christine E. Howard*
Christine E. Howard, Esq.
Florida Bar No. 0872229
choward@laborlawyers.com
Marci E. Britt, Esq.
Florida Bar No. 0071561
mbritt@laborlawyers.com
2300 SunTrust Financial Centre
401 E. Jackson Street
Tampa, Florida 33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 24, 2014, I electronically filed a true and correct copy of the foregoing pleading with the Clerk of the Court by using the CM/ECF system which will automatically send e-mail notification of such filing to the following counsel of record:

>Benjamin H Yormak, Esq.
>YORMAK EMPLOYMENT & DISABILITY LAW
>9990 Coconut Road
>Bonita Springs, Florida 34135
>byormak@yormaklaw.com

*/s/Christine E. Howard*