UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE MCSWAIN,

    Plaintiff,

CASE NO. 2:14-cv-086-FtM-38CM

v.

SCM I INVESTMENTS, LLC, d/b/a THE
WINE LOFT OF NAPLES,

    Defendant.
_____/

## UNOPPOSED MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

Defendant, SCM I INVESTMENTS, LLC d/b/a THE WINE LOFT OF NAPLES respectfully requests entry of the Confidentiality Agreement and Stipulated Protective Order attached hereto as Exhibit 1, in order to protect documents and information designated as confidential by counsel for either party. Defendant has reason to believe that certain information in this case, including documents to be exchanged in discovery and information that may become evidence in this case, constitutes commercially sensitive and private proprietary information of Defendant, while public disclosure of other information, *i.e.*, personal information of non-party employees, may constitute an unreasonable invasion of these individuals' privacy. Accordingly, the parties have jointly executed the attached Confidentiality Agreement and Stipulated Protective Order and now respectfully request this Honorable Court to adopt and enter the parties' Confidentiality Agreement and Stipulated Protective Order into the record of this case.

## MEMORANDUM OF LAW

Rule 26 of the Federal Rules of Civil Procedure permits this Court to enter an order

protecting the confidentiality of sensitive documents or information that may be produced or introduced as evidence during this litigation. *See* Rule 26(c), Fed.R.Civ.P. ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ."); s*ee In re Sw. Recreational Indus.*, No. 04-40656, 2008 WL 7874256, at *2 (Bankr. N.D. Ga. July 14, 2008) ("Confidentiality concerns are . . . appropriately addressed by means of a protective order as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.").

Defendant anticipates producing documents containing non-public personally identifiable information as to current or former employees of The Wine Loft, including names, personnel files, and disciplinary/termination records. "The right to privacy under the Constitution of the State of Florida extends to information contained in nonpublic employee personnel files." *Tolz v. Geico Gen. Ins. Co.*, No. 08-80663-CIV, 2010 WL 298397, at *3 (S.D. Fla. Jan. 19, 2010); *see Alterra Healthcare Corp. v. Estate of Shelley*, 827 So. 2d 936, 944-45 (Fla. 2002)("No party has the right to conduct a general fishing expedition into the personnel records of another. Any request for information that does not directly relate to legitimate issues that may arise in the course of the trial ought to be denied. In recognizing the danger of permitting the disclosure of personnel records of any witness or litigant, one court has said: It has been widely noted that such records often contain raw data, uncorroborated complaints, and other information which may or may not be true but may be embarrassing, although entirely irrelevant to any issue in the case, even as to credibility.")(internal citation and quotations omitted). Thus, entry of the parties' Confidentiality Agreement and Stipulated Protective Order will facilitate the parties'

2

FPDOCS 30034763.1

efforts during ongoing discovery to exchange and access all relevant material without violating the privacy interests of the parties or other non-party individuals who may be mentioned in the covered materials.

Furthermore, Defendant anticipates producing documents containing confidential proprietary information, including but not limited to confidential internal policies and procedures. Rule 26(c)(1)(G), Fed.R.Civ.P., specifically recognizes that "trade secret[s] or other confidential research, development, or commercial information" are an appropriate subject for a protective order. Moreover, "[i]n a competitive market, an entity's commercial information, its strategies, techniques, goals and plans can be its life blood. The discovery rules are not intended to forfeit a party's ability to compete effectively in the market by opening up tangentially relevant financial and marketing information to competitors." *Duracell Inc. v. SW Consultants, Inc.*, 126 F.R.D. 576, 578 (N.D. Ga. 1989). Public disclosure of such information would cause irreparable harm to Defendant's competitive stance in the marketplace.

Accordingly, the parties have freely, mindfully, and in good faith agreed to the terms of the attached Confidentiality Agreement and Stipulated Protective Order, which sets forth the procedures to be followed by the parties when exchanging, using, and storing covered material, but in no way limits the ability of either party to use any information obtained during discovery in connection with mediation, settlement discussions, summary judgment motions, preparation for and trial of this action, or any subsequent appeal. Based on the foregoing, Defendant respectfully submits that good cause exists for entry of the parties' Confidentiality Agreement and Stipulated Protective Order in this case.

Wherefore, Defendant respectfully requests this Honorable Court to enter the parties'

3

FPDOCS 30034763.1

Confidentiality Agreement and Stipulated Protective Order attached hereto as Exhibit 1, and to award any other relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), M.D. Fla., the undersigned conferred in good faith with counsel for Plaintiff regarding the relief sought in this Motion, and counsel does not oppose the relief sought herein.

Respectfully submitted this 15th day of July, 2014.

                        FISHER & PHILLIPS, LLP

                        */s/Christine E. Howard*
                        Christine E. Howard, Esq., FBN: 872229
                        choward@laborlawyers.com
                        Marci Britt, Esq., FBN: 071561
                        mbritt@laborlawyers.com
                        401 E. Jackson Street, Suite 2300
                        Tampa, Florida 33602
                        Telephone: (813) 769-7500
                        Facsimile: (813) 769-7501
                        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 15, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will automatically send e-mail notification of such filing to the following counsel of record:

Benjamin H. Yormak, Esq.
byormak@yormaklaw.com
**YORMAK EMPLOYMENT & DISABILITY LAW**
9990 Coconut Road
Bonita Springs, FL 34135

                        */s/Christine Howard*