**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MICHELLE MCSWAIN,

    Plaintiff,

v.                                        CASE NO. 2:14-cv-086-FtM-38CM

SCM I INVESTMENTS, LLC, d/b/a THE
WINE LOFT OF NAPLES,

    Defendant.

_____/

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

Compliance with discovery in this case will involve review of Confidential Information of the parties and non-parties to this action, as well as commercially sensitive and private business information. In order to protect the legitimate privacy interests of the parties and non-parties alike, as well as to provide Plaintiff and counsel certain documents potentially relevant to the subject matter of this action, Plaintiff MICHELLE MCSWAIN ("Plaintiff") and Defendant SCM I INVESTMENTS, LLC ("Defendant"), by and through their counsel, enter into this Confidentiality Agreement and thereby agree to the following terms and conditions:

### Definitions

1.    As used in this Confidentiality Agreement, "Confidential Information" shall mean documents and information concerning (i) personnel-related records; (ii) financial records, tax returns, revenues, profits and losses, and similar information; (iii) internal communications about any confidential or proprietary matter related to this action; (iv) internal investigations, audits, investigations and/or proceedings by any self-regulatory or governmental entity; (v) trade

**"Exhibit 1"**

secrets; (vi) medical records; and (vii) any other confidential or proprietary information so designated by a party. Use of Confidential Information during the course of this action and following resolution of this action shall be governed by this Confidentiality Agreement.

### **Procedure for Identification of Confidential Information**

2.     The designation of information as Confidential shall be made by placing or affixing on the designated information, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL."  The designation of information as Confidential shall be made prior to, or contemporaneously with, the production or disclosure of said information.

3.     A party's inadvertent or unintentional disclosure of any of its or her own Confidential Information without the appropriate Confidential designation shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality, either as to the specific Confidential Information disclosed or as to other related information. Should the disclosing party discover after disclosure that the word "CONFIDENTIAL" was omitted inadvertently from a document or documents, then upon notice of same, the other party shall promptly return all such documents, with the disclosing party responsible for any costs incurred as a result of the inadvertent disclosure and return of such Confidential Information.  The disclosing party shall then mark the returned documents as "CONFIDENTIAL" and produce them to the other party within seven (7) business days of the disclosing party's receipt of same.

4.     A party's inadvertent or unintentional disclosure of any information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to the opposing party, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work

product, or other grounds for withholding production to which the disclosing party would otherwise be entitled. If a claim of inadvertent production of such documents is made, the fact of inadvertence shall be accepted as true for all purposes by the parties and upon notice of same, the other party shall promptly return all such documents, with the disclosing party responsible for any costs incurred as a result of the inadvertent disclosure and return of such documents. After making a good faith effort to resolve any disagreement or objections concerning the designation of a returned document as privileged, if deemed necessary, the other party may file an appropriate motion with the Court seeking an Order compelling production of the returned document(s), but said motion shall not assert as a ground for entering such an Order the fact or circumstance of the inadvertent production or disclosure. Furthermore, unless and until an appropriate Order is entered on any such motion, the other party shall not use such information for any purpose and the confidentiality of the document(s) shall be preserved in accordance with this Confidentiality Agreement.

## Effect of Designation as Confidential

5.  Information designated as Confidential under this Confidentiality Agreement shall not be used or disclosed by any party, counsel for any party, expert witness, consultant, or their employees, or by anyone who gains access to such information hereunder, for any purpose whatsoever other than in connection with discovery, settlement discussions, mediation, a summary judgment motion, preparation for and trial of this action, and any appeal therefrom.

6.  Each party or Counsel for each party who obtains information designated as Confidential under this Confidentiality Agreement shall not disclose or permit disclosure of this information to any person or entity other than the following: (i) the parties and their specific

attorneys of record; (ii) office personnel employed by attorneys of record for the parties to the extent necessary to assist in discovery, settlement, trial preparation, trial or motion practice; (iii) expert witnesses who may be used in preparation for any deposition, hearing or trial of this action; (iv) court reporters utilized in this action; (v) deponents at the time of a deposition or witnesses before and during the trial; (vi) all judges or panels of judges in this action; and (vii) any jury in this action.

7. Nothing contained in this Confidentiality Agreement shall preclude any party from: (i) designating that party's own information as Confidential; (ii) using that party's own Confidential Information in the regular course of its business; (iii) revealing that party's own Confidential Information to whomever it chooses; or (iv) asserting an objection that has been or might be raised as to the discoverability or admissibility of any document, information, or testimony.  This Paragraph shall also not be interpreted as allowing any party to: (i) designate the opposing party's information as Confidential; (ii) use the opposing party's Confidential Information in violation of the terms of this Paragraph 6; or (iii) reveal the opposing party's Confidential Information to anyone, except as set forth herein.

**Additional Provisions**

8. This Agreement is effective on the earliest date set forth below.

9. Confidential Information that also meets the definition of "Protected Health Information" under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) shall not be used or disclosed by either party for any purpose other than this litigation or proceeding.  Confidential Information that also meets the definition of "Protected Health Information" under HIPAA (and all copies) shall be returned by the parties to the source of the

4

Protected Health Information, the "Covered Entity" (as defined by HIPAA), or destroyed at the end of this litigation or proceeding, including any appeal therefrom.

10. All Confidential Information produced hereunder shall be retained in the possession and control of counsel and the parties receiving such Confidential Information in such a manner as to preserve its confidential nature. Such Confidential Information shall not be used for any purposes by the parties, or on their behalf, other than in connection with the court proceedings, settlement discussions, or mediation and shall not be disclosed to any person or entity by any party or their counsel, except as provided herein.

11. Prior to filing Confidential documents of the designating party in support of any Motion to the Court, counsel for the parties will consult and, if necessary, seek to file Confidential documents under seal as governed by the Local Rules. Information designated as Confidential under this Confidentiality Agreement shall be used at trial pursuant to the Court's procedures with regard to confidential documents.

12. Within sixty (60) days of the termination of this action, including all appeals, each party's counsel will voluntarily return to opposing counsel all documents and all copies of documents produced hereunder at the cost of the party requesting the return of the documents.

13. Nothing herein shall be deemed as an acknowledgement by the opposing party of the propriety of confidentiality as to any document designated confidential hereunder. After making a good faith effort to resolve any disagreement or objections concerning the designation of a document as Confidential, if deemed necessary, any party may file an appropriate motion with the Court challenging the designation of any document as Confidential. However, unless and until an appropriate Order is entered on any such motion, the confidentiality of the document

shall be preserved in accordance with this Confidentiality Agreement.

14. Should any portion of this Agreement be deemed unenforceable, that portion of the Agreement shall not invalidate the remainder of the provision, the section, or the entire Agreement or any other provision of the Agreement.

15. This Agreement shall be governed by the laws of the State of Florida. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the Middle District of Florida, Fort Myers Division.

16. The parties reserve the right to change or modify this Confidentiality Agreement by agreement in writing at any time without further Order of the Court, provided that no change is effective against or binding upon any party unless and until any written change or modification is signed by that party or its counsel. After making a good faith effort to resolve any disagreement as to any proposed modifications, if deemed necessary, any party may file an appropriate motion with the Court seeking modification of this Agreement for good cause shown. However, unless and until an appropriate Order is entered on any such motion, the provisions of this Confidentiality Agreement, as written and without modification, shall govern.

| FOR PLAINTIFF | FOR DEFENDANT |
|---|---|
| Benjamin H. Yormak, Esq. | Christine E. Howard, Esq. |
| **YORMAK EMPLOYMENT & DISABILITY LAW** | **FISHER & PHILLIPS LLP** |
| DATE: July 15, 2014 | DATE: July 15, 2014 |

**IT IS SO ORDERED**, this _____ day of _____, 2014.

_____
U.S. District Court Judge