UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE MCSWAIN, an individual

    Plaintiff,

v.                                                   Case No: 2:14-cv-86-FtM-38CM

SCM I INVESTMENTS, LLC,

    Defendant.
_____

## ORDER

Before the Court is Defendant's Unopposed Motion for Entry of Confidentiality Order (Doc. 24), filed on July 15, 2014. The parties have stipulated to the terms of a Confidentiality Agreement and Stipulated Protective Order (Doc. 24-1) and Defendant requests that the Court enter same.

Defendant contends that entry of a protective order is necessary to protect documents and information designated as confidential by the parties. Doc. 24 at 1. Specifically, Defendant represents that certain information in this case constitutes commercially sensitive information and that other information, namely personal information such as names, personnel files and disciplinary/termination records of non-party employees, may constitute an unreasonable invasion of those individuals' privacy. *Id.* at 1, 2. Thus, Defendant contends that entry of the stipulated protective order will facilitate ongoing discovery efforts without violating the privacy interests of the parties or non-parties. *Id.* at 2-3. Pursuant to Local Rule 3.01(g),

counsel for Defendant represents that she conferred with counsel for Plaintiff who does not oppose the requested relief. *Id.* at 4.

The Court has "broad discretion in setting limits on discovery, and Rule 26(c) provides a mechanism by which parties can seek an order to protect privileged or confidential information." *Shire Development LLC v. Mylan Pharm. Inc.*, No. 8:12-cv-1190-T-30AEP, 2013 WL 6858319, at * 3 (M.D. Fla. Dec. 30, 2013) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). Generally, when determining whether there is good cause to enter a protective order, the Court "balance[s] the requesting party's interest in obtaining the information or material sought and the other party's interest in keeping the information confidential." *Id.*

Stipulated protective orders, however, have become "commonplace in the federal courts." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001). Entering a stipulated protective order "replaces the need to litigate the claim to protection document by document, and postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Id.* "Parties have the freedom and flexibility to agree on the terms of stipulated protective orders designed to protect 'confidential' and 'highly confidential' material." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, at *6 (S.D. Fla. Sept. 4, 2013). Thus, "[u]nless the agreement contains provisions that are illegal, unlawful, against public policy, contrary to applicable

rules, confusing or otherwise problematic, courts typically enter the proposed stipulated protective orders jointly submitted by the parties." *Id.*

Paragraph 15 of the Confidentiality Agreement and Stipulated Protective Order states "[t]his Agreement shall be governed by the laws of the State of Florida. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the Middle District of Florida, Fort Myers Division." Doc. 24-1 at 6 ¶15. To the extent that paragraph 15 requires retention of jurisdiction beyond the final termination of this action, the Court finds this provision to be problematic. The motion will therefore be granted to the extent that the Court will enter the parties' Confidentiality Agreement and Stipulated Protective Order, but the Court does not intend to retain jurisdiction over disclosure disputes or a failure to follow proper return procedures after the final determination of this action.[1] The Court will therefore strike the second sentence of paragraph 15. The Protective Order will be entered without the jurisdictional provision under separate cover

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Unopposed Motion for Entry of Confidentiality Order (Doc. 24) is **GRANTED IN PART** as set forth above. The revised Confidentiality Agreement and Stipulated Protective Order will be entered under separate cover.

---

[1] *See, e.g.*, Paragraph 12, which governs the return of documents produced pursuant to the Confidentiality Agreement and Stipulated Protective Order following final termination of this action. Doc. 24-1 at 5 ¶12.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of July, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record